UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR EDWARD EZOR, <br><br> Plaintiff, <br><br> v. <br><br> JACKIE LACEY, KELLY S. HOWICK, CRAIG ELLIOTT VEALS, and DOES 1 through 10, inclusive, <br><br> Defendants. | NO. CV 19-4020-JVS (AGR) <br><br><br> REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The court submits this Report and Recommendation to the Honorable James V. Selna, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the magistrate judge recommends the disposition stated at the end of the Report.

# I.

# PROCEDURAL BACKGROUND

Plaintiff filed a civil rights complaint based on a criminal proceeding against him. Plaintiff names as defendants Superior Court Judge Veals, Los Angeles County District Attorney Jackie Lacey and prosecutor Kelly Howick.

Before the court are two motions:

1. Defendant Judge Veals filed a motion to dismiss the complaint and a request for judicial notice. (Dkt. Nos. 7-8.) Plaintiff filed an opposition. (Dkt. No. 19.) Defendant filed a reply. (Dkt. No. 21.)

2. Defendants Lacey and Howick filed a motion to dismiss the complaint and request for judicial notice. (Dkt. Nos. 9-10.) Plaintiff filed an opposition. (Dkt. No. 20.) Defendants filed a reply. (Dkt. No. 23.)

# II.

# FACTUAL BACKGROUND

### A. Allegations of Complaint

According to the complaint, Plaintiff is a defendant in a criminal case pending in the Los Angeles County Superior Court, *People v. Arthur Edward Ezor*, LASC Case No. BA441505. (Compl. ¶ 9.)

Plaintiff names as a defendant Judge Veals, who issued orders in Plaintiff's criminal case. (*Id.* ¶¶ 2, 9.) Plaintiff alleges that Judge Veals "failed to disqualify himself and void his unlawful Orders affecting [Plaintiff] in the criminal case." (*Id.* ¶ 9.) Plaintiff alleges he "acted in the absence of jurisdiction and committed extrinsic fraud or 'fraud upon the court' by his having biases and conflicts of interest towards [Plaintiff], or the appearance of same." (*Id.*) He acted "contrary to his oath to be a fair and impartial state judge." (*Id.* ¶ 10.) Plaintiff alleges Judge Veals was formerly a prosecutor; has shown animus toward him; has issued pro-prosecution rulings and comments; has allowed *Brady* violations to occur; has "tolerated" prosecutors accessing Plaintiff's attorney client file and

"often removing" work product materials, and accessing financial records belonging to Plaintiff and his former attorney; has conducted biased proceedings; and has had "behind-the-scenes" and improper ex parte communications with "California State Bar operatives." (*Id.* ¶¶ 9-10, 15(iii).)

    Plaintiff seeks an injunction that prevents Judge Veals "from acting further in his criminal case." (*Id.* ¶ 21.) Plaintiff seeks declaratory and equitable relief that Judge Veals "is disqualified and estopped to act as a judge in his criminal case and his rulings and Orders are, and were at all times herein mentioned, null and void" and has violated Plaintiff's civil and constitutional rights. (*Id.* ¶ 19.) Plaintiff seeks an order that rescinds and vacates Judge Veals' rulings and orders, and declares them null and void. (*Id.* at 7 ¶ 2.) Plaintiff further seeks a finding that he has not received fair and impartial court proceedings from Judge Veals in his criminal case. (*Id.* ¶ 15(ii).) Plaintiff does not seek damages against Judge Veals. (*Id.* ¶ 8.)

    Plaintiff also sues Jackie Lacey, the Los Angeles County District Attorney, and Kelly S. Howick, a prosecutor in the District Attorney's office. (*Id.* ¶¶ 3-4.) Plaintiff alleges that Howick violated his constitutional rights "by perjuring herself on the record in the criminal case by falsely misrepresenting facts about certain of [Plaintiff's] litigation matters," "suppressing Brady evidence and unethically and illegally looking at, delving into and even removing, upon reasonable information and belief, certain privileged documents from his attorney-client file" without his permission. (*Id.* ¶ 11.) Plaintiff alleges that Howick had communications with "California State Bar operatives" to "fuel the 'retaliatory prosecution'" of Plaintiff. (*Id.*) Plaintiff alleges that Lacey has approved, ratified and consented to Howick's conduct. Moreover, Lacey has allegedly allowed and authorized systematic abuses regarding *Brady* evidence and other violations of criminal defendants' constitutional and civil rights during her tenure as District Attorney. She has also failed to provide sufficient training on these subjects. (*Id.*)

The complaint contains one cause of action for violation of civil rights under 42 U.S.C. § 1983. (*Id.* ¶ 13.) Plaintiff seeks a finding that his prosecution is retaliatory or discriminatory as a result of his "exposing the aforesaid corruption and malfeasance." (*Id.* ¶ 15(i).) Plaintiff seeks the disqualification of the Los Angeles County District Attorney's Office from his criminal case and an injunction prohibiting them from acting further in his criminal case. (*Id.* ¶¶ 20-21.) Plaintiff also seeks damages and punitive damages. (*Id.* at 7.)

### B. Requests for Judicial Notice

Defendants' request for judicial notice of the docket in *People v. Ezor*, Case No. BA441505, is granted. *Bennett v. Medtronic,, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (holding court may take judicial notice of docket and proceedings in other courts).

On the same basis, Defendants' request for judicial notice of (1) Plaintiff's petition for emergency writ of mandate, stay of proceedings and/or other appropriate relief in the California Court of Appeal, Case No. B296721; (2) the Court of Appeal's Order dated April 12, 2019 in Case No. B296721; (3) Plaintiff's petition for review before the California Supreme Court in Case No. S255335; (4) the California Supreme Court's Order dated May 1, 2019 in Case No. 255335; (5) Plaintiff's petition for writ of mandate and/or other appropriate relief before the California Court of Appeal in Case No. 293717; and (6) the Court of Appeal's Order dated November 30, 2018 in Case No. 293717 is granted.

The court denies the request for judicial notice of Plaintiff's disbarment as unnecessary to the disposition of the motions.

## III.

## *YOUNGER* ABSTENTION

Plaintiff's complaint is barred by *Younger* abstention. *Younger v. Harris*, 401 U.S. 37 (1971); *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (applying *Younger* abstention to complaint for declaratory or equitable relief).

*Younger* abstention is analyzed "'in light of the facts and circumstances existing at the time the federal action was filed.'" *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018) (citation omitted).

*Younger* abstention is appropriate when state proceedings (1) are ongoing; (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts; (3) implicate an important state interest; and (4) allow litigants to raise federal challenges. *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018).

Criminal proceedings satisfy the second prong. *Younger*, 401 U.S. at 49; *see Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (*Younger* abstention extends to "'state criminal prosecutions'") (citation omitted). The first prong is satisfied because Plaintiff alleges his criminal case is ongoing. (Compl. ¶¶ 8-9.) The court takes judicial notice pursuant to Fed. R. Evid. 201 that the Los Angeles County Superior Court's online docket for LASC Case No. BA441505 indicates that Plaintiff's criminal case remains pending.[1] Plaintiff's complaint involves California's important interest in the order and integrity of its criminal proceedings under the third prong. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). As to the fourth prong, Plaintiff has an adequate opportunity to litigate federal claims in state court, both at the trial and appellate levels. *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

There is no indication that any exception to *Younger* abstention would apply. Plaintiff's complaint has the practical effect of enjoining the ongoing state criminal proceedings. Plaintiff seeks an order disqualifying and enjoining the

---

[1] According to the online docket, Plaintiff's criminal case, LASC Case No. BA441505, remains pending as of the date of this Report.

judges from acting further in his criminal case, and declaring all of their orders in his criminal case null and void. *See O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) (applying *Younger* abstention to request for "injunction aimed at controlling or preventing the occurrence of specific events" in future state criminal trial" and "ongoing federal audit of state criminal proceedings which would indirectly accomplish the kind of interference that *Younger v. Harris* and related cases sought to prevent"); *Williams v. California*, 700 Fed. Appx. 581, 582 (9th Cir. 2017) (affirming dismissal under *Younger* abstention); *Courthouse News Serv. v. Planet*, 750 F.3d 776, 790 (9th Cir. 2014) (finding *Younger* abstention when "relief sought would require the federal court to monitor the substance of individual cases on an ongoing basis"); *Bishop v. Snohomish Superior Court*, 569 Fed. Appx. 497, 497-98 (2014) (affirming dismissal under *Younger abstention of* civil rights claims based on pending state criminal charges).

Plaintiff's response to the OSC and opposition to the motion to dismiss did not address *Younger* abstention.[2] Plaintiff has not shown irreparable harm that is "great and immediate" unless the federal court intervenes in his ongoing criminal case. *See Younger*, 401 U.S. at 46 ("cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term"; "threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution"); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam) ("only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the

---

[2] Plaintiff addresses the *Rooker-Feldman* doctrine. Because the criminal proceeding against Plaintiff remains pending as of the date of this Report and no judgment in that case has been entered, this case does not raise a *Rooker-Feldman* issue. "[U]nder . . . the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam).

case concluded in the state courts"). Nor has Plaintiff alleged any facts that would show bad faith, harassment or some other extraordinary circumstance that would make abstention inappropriate. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975).

Plaintiff alleges that Judge Veal has issued orders that violated his constitutional rights by, among other things, permitting *Brady* violations and denying his motion to disqualify the prosecutor's office. Plaintiff also alleges that the prosecutor's office has violated his constitutional rights in his criminal proceeding. Plaintiff is able to raise those issues in Superior Court and in appellate proceedings. Plaintiff provides no authority permitting this court to intervene in ongoing state criminal proceedings. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) (reviewing challenge to denial of recusal motion based on judicial bias on certiorari from decision of West Virginia Supreme Court on direct appeal); *Brady v. Maryland*, 373 U.S. 83 (1963) (reviewing *Brady* claim on certiorari from state post-conviction proceedings); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003) (applying *Younger* abstention even when plaintiff challenges constitutionality of pending proceedings).

## IV.

## PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF AGAINST A JUDGE

Plaintiff does not seek damages against Judge Veals. He seeks injunctive relief and declaratory relief under 42 U.S.C. § 1983. "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018). Plaintiff has not stated any basis for injunctive relief against Judge Veals under § 1983. *See Patel v. DeCarolis*, 701 Fed. Appx. 590, 592 (2017).

# V.

# **PROSECUTORIAL IMMUNITY**

Plaintiff seeks monetary relief against the prosecutors in his criminal case. Plaintiff alleges that Howick: (1) falsely misrepresented facts about certain of Plaintiff's litigation matters; (2) suppressed *Brady* evidence; (3) upon information and belief, accessed certain privileged documents from Plaintiff's attorney-client file and possibly removed them; and (4) had improper, unethical communications with State Bar operatives "to illicitly fuel the 'retaliatory prosecution'" of Plaintiff. (Compl. ¶ 11.) Plaintiff alleges that Lacey approved, ratified and consented to Howick's conduct; has allowed systematic *Brady* violations and violations of criminal defendants' constitutional rights; and failed to provide sufficient training to staff. (*Id.*)

Prosecutors are absolutely immune from claims for monetary relief for conduct integral to the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 428 n.27, 430-31 & n.34 (1976) (applying prosecutorial immunity "in initiating a prosecution and in presenting the State's case" even after plaintiff obtained habeas relief from underlying criminal conviction); *Mishler v. Clift*, 191 F.3d 998, 1008 (9th Cir. 1999) (applying immunity to decision to prosecute, file charges and initiate prosecution).

"If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights." *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003). A prosecutor's absolute immunity encompasses allegations that the prosecution deliberately withheld or suppressed exculpatory information, or knowingly used false testimony at trial. *Imbler*, 424 U.S. at 430-31 & n.34; *Broam*, 320 F.3d at 1030 (applying absolute immunity to allegations prosecutor failed to preserve or turn over exculpatory material before, during or after trial); *see also Ward v. City of Barstow*, 749 Fed. Appx. 529 (9th Cir. 2018). Absolute

immunity extends to appearances in court and making allegedly false or defamatory statements that "deliberately misled" the court. *Burns v. Reed*, 500 U.S. 478, 487-88, 489-90, 492 (1991) (applying prosecutorial immunity to pretrial court appearances in criminal case). Prosecutorial immunity extends to the issuance of a subpoena to gather evidence in preparation for a trial. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 844 & n.5 (9th Cir. 2016).

The Supreme Court has held that prosecutorial immunity extends to claims that the district attorney failed to train or supervise prosecutors properly, or failed to establish an information system to enable compliance with *Brady* obligations. *Van De Kamp v. Goldstein*, 555 U.S. 335, 344, 348-49 (2009); *Cousins v. Lockyer*, 568 F.3d 1063, 1069 (9th Cir. 2009). Such claims are directly connected to the conduct of a trial and require proof of an individual prosecutor's error in a specific criminal trial. *Goldstein*, 555 U.S. at 348-49. Supervisory prosecutors are "immune in a suit directly attacking their actions related to an individual trial" and in general methods of supervision and training. *Id.* at 346.

The complaint fails to allege facts sufficient to show that the prosecutor's conduct was not intimately associated with the judicial phase of the criminal process. Plaintiff's allegations regarding the prosecutor's misrepresentations to the court and *Brady* violations, and the related allegations against Lacey, are barred by prosecutorial immunity.

Plaintiff's allegation of a retaliatory prosecution does not alter this result. The prosecutor's intent in performing prosecutorial acts "plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987); *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir. 1986) ("Intent should play no role in the immunity analysis."; noting "allegations of bad faith, personal interest or outright malevolence" are insufficient); *see also Nieves v. Bartlett*, 2019 U.S. LEXIS 3557, \*\*\*14 (2019) (noting that, in retaliatory prosecution cases, "decision to bring charges is instead made by a prosecutor, who is generally immune from

9

suit and whose decisions receive a presumption of regularity"); *Reichle v. Howards*, 566 U.S. 658, 668 (2012) (noting prosecutor is not proper defendant in retaliatory prosecution case "because prosecutors enjoy absolute immunity for their decisions to prosecute").

      Plaintiff's complaint also contains an allegation that, on information and belief, the prosecution obtained access to his attorney-client file and that certain documents were missing. (Compl. ¶ 11.) The complaint is too conclusory to state a claim for relief and does not contain any facts indicating that the prosecutor's conduct was not intimately associated with the judicial phase of the criminal proceeding. It is unknown when or at what stage the alleged access occurred, and whether it occurred pursuant to a court order.

      The Ninth Circuit has not addressed this type of claim in a civil rights action under § 1983. However, in federal criminal cases, the Ninth Circuit has identified the requisite showing for a Sixth Amendment violation. *United States v. Kowalczyk*, 805 F.3d 847, 856 n.2 (9th Cir. 2015); *United States v. Danielson*, 325 F.3d 1054 (9th Cir. 2003); *see Wing v. McGinty*, 2018 U.S. Dist. LEXIS 197943, *10 (W.D. Wash. Oct. 9, 2018) (discussing *Danielson* standard in § 1983 case). Plaintiff must allege facts showing that (1) the government's intrusion into the attorney-client relationship was purposeful; (2) the government obtained information about defense strategy or the intrusion resulted in tainted evidence; and (3) the defendant suffered substantial prejudice. *Id.* at 1069, 1074. Substantial prejudice may consist of the government obtaining damaging evidence against Plaintiff. *Id.* at 1070. Substantial prejudice may also be shown when the government obtained access to defense trial strategy. *Id.* When the government received defense trial strategy, the burden shifts to the government to show by a preponderance of the evidence that the evidence it proposes to use and its trial strategy are derived from legitimate independent sources. *Id.* at 1072, 1074; *e.g., United States v. Irwin*, 612 F.2d 1182, 1189 (9th Cir. 1980)

(finding no prejudice when defense counsel had already revealed nature of defense to prosecutor at conference). The Ninth Circuit acknowledged that the government may take steps to insulate itself from receiving privileged defense strategy information. Such steps include use of a privilege review person who segregates privileged information so that it is not viewed by prosecutors. *See Danielson,* 325 F.3d at 1072-73. Plaintiff's complaint does not contain any supporting facts and therefore should be dismissed. *See Wing*, 2018 U.S. Dist. LEXIS 197943, *10-*12.

## VI.
## **PLAINTIFF'S REQUEST FOR LEAVE TO AMEND**

In the alternative, Plaintiff requests leave to amend. Plaintiff's criminal proceedings are pending in Superior Court, and Plaintiff has not suggested any way in which he could amend his complaint to avoid *Younger* abstention or find a basis for injunctive relief against Judge Veals under § 1983. It is therefore recommended that Plaintiff's claims against Judge Veals be dismissed without leave to amend.

With respect to Plaintiff's claims against prosecutors, Plaintiff has not suggested any way in which he could amend his complaint to avoid *Younger* abstention or to state a claim for monetary relief with the sole exception of his potential claim based on the prosecution's alleged access to defense trial strategy. It is recommended that Plaintiff's claims for monetary relief against prosecutors be dismissed with leave to amend to the extent based on alleged access to privileged information and without leave to amend as to all other claims.

The court notes that, even assuming Plaintiff could state a claim based on alleged access to privileged information, such a claim would be subject to a stay pending the outcome of his state criminal proceedings. *See AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007); *see also Herrera v. City of*

*Palmdale*, 918 F.3d 1037, 1048 (9th Cir. 2019) (affirming stay of damages claim that would interfere with ongoing state proceedings).

## VII.

## **ORDER**

For the reasons discussed above, it is recommended that the district court issue an order:

(1) accepting this Report's findings and recommendation;

(2) granting Judge Veals' motion to dismiss the complaint and dismissing with prejudice the complaint against him without leave to amend;

(3) granting the motion to dismiss the complaint filed by Defendants Lacey and Howick and dismissing the complaint against them (a) with leave to amend solely as to the claim based on alleged access to privileged defense information; and (b) without leave to amend as to all other claims against the prosecutors.

DATED: September 17, 2019

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge